The Honorable Lynda K. Russell 123rd Judicial District Attorney Shelby County 200 San Augustine Street, Suite #12 Center, Texas 75935
Re: Whether a county or the state must defend a district attorney in a civil lawsuit, and whether a district attorney may use asset forfeiture funds to pay for her defense in such a suit (RQ-0816-GA)
Dear Ms. Russell:
You ask several questions regarding the defense of a district attorney "in a federal civil rights lawsuit filed under 42 USC 1983" involving "actions she took in the course and scope of performing her official duties."[1]
First, you ask whether a county commissioners court has a duty to pay for a district attorney's legal defense in a civil lawsuit. See Request Letter at 3-5. You limit your analysis to Local Government Code section 157.901. Id.; see also Tex. Loc. Gov't Code Ann. § 157.901(a)-(b) (Vernon 2008) (providing that a county official or employee is "entitled to be represented" in some circumstances). We limit our analysis accordingly.
You point out that "[t]he attorney general has determined that a district attorney is a district officer and not a county officer" for purposes of section 157.901. See Request Letter at 6; Tex. Att'y Gen. Op. Nos. JC-0047 (1999) at 2 (explaining that section 157.901 does not apply to district officers like district judges), JM-1276 (1990) at 11-12 (identifying a district attorney as an example of a non-county official for purposes of section 157.901), MW-252 (1980) at 2 (concluding that predecessor statute did not apply to district officers such as a district attorney). Finding no case law that construes section 157.901 differently, we agree with the conclusion of those prior opinions. Local Government Code section 157.901 does not require a county commissioners court to pay for a district attorney's legal defense. Thus, a commissioners court has no duty under section 157.901 to pay for a district attorney's legal defense in a civil lawsuit.
Your second question asks whether the State of Texas must indemnify a district attorney for court costs and attorney's fees under Texas Civil Practice and Remedies Code sections 104.001 and 104.0035. See Request Letter at 3, 6; see also Tex. Civ. Prac. Rem. Code Ann. §§ 104.001 *Page 2 
(Vernon Supp. 2009) ("State Liability; Persons Covered"), 104.0035 (Vernon 2005) ("State Liability; Criminal Prosecution"). This issue was addressed in a recent attorney general opinion. See Tex. Att'y Gen. Op. No. GA-0523 (2007) at 1-2 (explaining that "a criminal district attorney must be considered to be an employee or officer of a `state agency, institution, or department' for chapter 104 to apply") (quoting Tex. Civ. Prac. Rem. Code Ann. § 104.001(1) (Vernon Supp. 2009)). That opinion concluded that a criminal district attorney was not a covered person under section 104.001. See id. As the court in Hill County v.Sheppard, 178 S.W.2d 261 (Tex. 1944) explains, a criminal district attorney is simply a "class or kind" of district attorney.178 S.W.2d at 263; see also Tex. Att'y Gen. Op. No. GA-0523 (2007) at 2 (citing to Hill County v. Sheppard). Finding no case law that construes section 104.001 differently, we reaffirm Attorney General Opinion GA-0523's conclusion that a district attorney is not a covered person under section 104.001. The State has no duty to indemnify a district attorney under Texas Civil Practice and Remedies Code sections 104.001 and 104.0035.
Your third question asks whether Code of Criminal Procedure article59.06(c)(1) authorizes the use of asset forfeiture funds to pay for a district attorney's civil legal defense. Request Letter at 3, 7. Article 59.06(c)(1) provides that when an attorney representing the state executes a local agreement with a law enforcement agency, the attorney may deposit forfeiture funds into "a special fund in the county treasury for the benefit of the office of the attorney representing the state, tobe used by the attorney solely for the official purposes of his office." Tex. Code Crim. Proc. Ann. art. 59.06(c)(1) (Vernon Supp. 2009) (emphasis added). You conclude that "[w]hen the elected prosecutor has been sued civilly for acts done while in the performance of her official duties . . . that the defense expenditure is" an "official purpose" of the office. Request Letter at 7.
In a recent opinion, this office examined the kind of expenditures that are "solely for the official purposes" of the district attorney's office. See Tex. Att'y Gen. Op. No. GA-0613 (2008) at 6-8. We concluded in that opinion that only those expenditures related to the district attorney's duties and functions as delineated by statute or the constitution constitute permissible expenditures under article 59.06(c)(1). See id. In that way, the opinion adopted a narrow construction of the phrase "official purpose." See id. at 5-6 (rejecting a broad construction of the statute that would include any expenditure that fell short of an expenditure for a private purpose).
We find no provision of state law that addresses a district attorney's duty or function to pay for her own legal defense in a civil suit, and thus, it follows that the payment of such costs is not an official purpose of that office within the meaning of article 59.06(c)(1). Accordingly, we conclude that forfeiture funds may not be used under Code of Criminal Procedure article 59.06(c)(1) to pay for a district attorney's own civil legal defense.[2] *Page 3 
 SUMMARY
A county commissioners court has no duty to provide for the defense of a district attorney pursuant to Local Government Code section 157.901. The state is not obligated to indemnify a district attorney under Texas Civil Practice and Remedies Code sections 104.001 and 104.0035. A district attorney is not authorized to utilize forfeiture funds under Code of Criminal Procedure article 59.06(c)(1) to pay for the district attorney's legal defense.
Very truly yours,
 GREG ABBOTT Attorney General of Texas
 ANDREW WEBER First Assistant Attorney General
 JONATHAN K. FRELS Deputy Attorney General for Legal Counsel
 NANCY S. FULLER Chair, Opinion Committee
 Christy Drake-Adams Assistant Attorney General, Opinion Committee
[1] Request Letter at 2-3 (available at
http://www.texasattorneygeneral.gov).
[2] Finally, you ask about the indemnification protection, if any, available to a district attorney's support staff in a civil suit. See
Request Letter at 3. Because the issue raised in your fourth question is not briefed and because this issue is characterized by you as being "subsumed" in your first three questions, we do not separately address your fourth question. Id. at 3, n. 1. *Page 1